UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITO BONI HERNENDEZ LOPEZ,<br>Petitioner,<br>v.<br>MINGA WOFFORD, et al.,<br>Respondents. | No. 1:26-cv-08031-DAD-JDP<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

Petitioner, proceeding with counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner has also filed a motion for a temporary restraining order ("TRO") seeking his immediate release from immigration detention. (Doc. No. 2.)

The court, thereafter, set a briefing schedule and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In addition, respondents were directed to state any opposition they had to the court's stated intention to rule on the underlying habeas petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) Respondents filed an opposition in which they concede that petitioner is being detained pursuant to 8 U.S.C. § 1226(a) pursuant to

the binding authority of the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). (Doc. No. 6 at 1.) Respondents' response does not state any objection to this court ruling on petitioner's underlying habeas petition at this time and the court will do so. Nonetheless, respondents assert that petitioner is only entitled to a custody redetermination hearing. (*Id.*) For the following reasons, this court disagrees and will order petitioner's immediate release.

Petitioner is a citizen of Guatemala. (Doc. No. 1 at 7.) He previously agreed to voluntary departure from the United States in 2013 and did in fact do so. (*Id.*) However, on or about October 21, 2018, he re-entered the United States and applied for asylum. (*Id.* at 14.) He also applied for and was granted a work permit. (*Id.*) Given his application for asylum and authorization for a work permit, immigration authorities were clearly aware of petitioner's re-presence within the United States in 2018, but did not detain him at that time.

The court has previously explained that when the government detains a noncitizen who is subject to 8 U.S.C. § 1226(a), as respondents concede is the basis for petitioner's current detention in their recent filing, and fails to comply with the procedures set forth in that statutory provision, the immediate release of the noncitizen is warranted. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *1–3 (E.D. Cal. Aug. 10, 2026) (finding the failure to arrest a noncitizen following or contemporaneously with the issuance of a warrant and failure to issue a notice to appear prior to or contemporaneously with the noncitizen's detention warranted immediate release.) Here, respondents argue that petitioner is entitled only to seek a custody redetermination hearing before an immigration judge ("IJ") because the Ninth Circuit's recent decision in *Rodriguez* Vazquez, 183 F.4th 1160, compels a finding that § 1226(a) governs petitioner's detention. (Doc. No. 6 at 1.) However, while the record provided by respondents includes a warrant for petitioner's arrest (Doc. No. 6-2 at 1), and the I-213 form supplied by respondents state that petitioner "will be processed as a notice to appear" (Doc. No. 6-1 at 5), respondents failed to provide the court with the actual contemporaneous notice to appear ("NTA") form. Accordingly, pursuant to the reasoning in *Zurita Navarro*, the court concludes that petitioner's detention is unlawful because

respondents failed to follow the procedures set forth by § 1226(a) without a sufficient contemporaneous NTA. *See, e.g. Villa Canales v. Warden, Mesa Verde Det. Facility*, No. 1:26-cv-06660-DAD-JDP, 2026 WL 2582132, at *1 (E.D. Cal. Aug. 31, 2026) (noting in part that respondent's failure to provide the court with the actual NTA despite including the I-213 form that petitioner was processed as an NTA necessitated his immediate release from immigration custody due to respondent's failure to follow the procedures of § 1226(a)). The court will therefore order petitioner's immediate release from immigration custody.

Accordingly:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Juanito Boni Hernandez Lopez, A-File No. 201-237-599, from respondents' custody;
   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the warden of the Mesa Verde ICE Processing Center; and
4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE